IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-20512
_____

HOWARD P BLUNT,

Plaintiff - Appellant,

v.

HARRIS COUNTY; ET AL,

Defendants,

EDWARD P. FRIEDMAN,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas
H-98-CV-4284
_____

March 7, 2002

Before KING, Chief Judge, and REAVLEY and WIENER, Circuit Judges.

PER CURIAM:*

    Plaintiff-appellant Howard P. Blunt appeals the district

court's judgment dismissing his substantive due process claim

under 42 U.S.C. § 1983 against Edward P. Friedman.  The

determinative question on this appeal is whether the district

_____

    *Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court erred in concluding that Dr. Friedman was not a state actor (as required for liability under § 1983) when he provided Harris County Jail officials with a psychological evaluation of Blunt. Blunt had been employed as a guard in the Harris County Jail, and he had been placed on probationary status upon investigation of a claim by an inmate that Blunt had used excessive force. Subsequent to Dr. Friedman's evaluation, Blunt was terminated.

Blunt argues on appeal, as he argued below, that this case is indistinguishable from West v. Adkins, 487 U.S. 42 (1988), in which the Court held that a physician under contract with the state to furnish medical services to state prison inmates was acting under color of state law when he treated inmates within the confines of the prison. The district court concluded that, unlike the physician in West, Dr. Friedman was not carrying out a constitutional obligation of the state when he evaluated Blunt. Specifically, the County had no constitutional duty to conduct psychological examinations of employees placed on probationary status. We agree with the district court that this distinction between West and this case is critical, and that the rationale for the Court's holding that the private physician in West should be treated as a state actor does not apply to Dr. Friedman.

The judgment of the district court is AFFIRMED.